# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4727 | **DATE** | November 16, 2011 |
| **CASE TITLE** | Malcolm Randal Patton (R-01334) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [10] is dismissed without prejudice for failure to state a claim against either named Defendant. The matter remains closed.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff, Malcolm Randal Patton, a prisoner at the Danville Correctional Center, bought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Previously, the Court granted Plaintiff leave to proceed *in forma pauperis* but dismissed his complaint because it failed to state a claim upon which relief could be granted against one of the two named Defendants. The matter was dismissed without prejudice after Plaintiff failed to submit an amended complaint. Plaintiff has now submitted an amended complaint.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the amended complaint.

     Plaintiff alleges that on August 28, 2009, his foot was injured when another detainee hit it with a pool stick. The doctor at Cermak Health Services took an x-ray of Plaintiff's foot and told him that it was broken. Plaintiff's foot was bandaged and he was given a pair of crutches. Plaintiff remained in pain and was required to use stairs throughout the day even though his foot was broken. Plaintiff was not allowed to use his crutches on multiple occasions. In August of 2009, Plaintiff was sent to "the hole." On his way down the stairs, with his foot in pain, Plaintiff fell down the stairs. Plaintiff was taken for medical attention and received an x-ray. Doctor Dunlap old Plaintiff that there was nothing wrong with his back. Doctor Dunlap did not believe Plaintiff's complaints that his back and foot hurt. That same month, Plaintiff fell on a wet floor. Plaintiff finally received a cast on his foot on August 27, 2009. On September 28, 2009, Plaintiff was again refused the use of his crutches and he again fell down the stairs.

     Plaintiff still names Sheriff Tom Dart and Dr. Hart as Defendants. However, Plaintiff still makes no allegations against either named-Defendant.

     Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)).

     Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. For a supervisor, the personnel responsibility requirement of Section 1983 for an official is satisfied if the conduct

| STATEMENT |
|---|

causing the constitutional violation occurs at the supervisors direction or with his knowledge and consent. *See Hildebrandt v. Illinois Dep't of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). The supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some casual connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery." *Hildebrandt*, 347 F.3d at 1039 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Plaintiff does not make any allegations of personal involvement by either of the named Defendants, thus, he has failed to state a claim against either Defendants in his individual capacity.

Furthermore, Plaintiff has not alleged an official capacity claim against the Defendants. Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff does not plead a policy, custom, or practice to hold the supervisory officials liable in their official capacity.

For the foregoing reasons, the Court dismisses the amended complaint on file without prejudice. The matter remains closed.